**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

BOBBY CHARLES BYRD

VERSUS

CITY OF BOSSIER, ET AL

CIVIL NO. 5:12-1956

JUDGE ELIZABETH E. FOOTE

MAGISTRATE JUDGE HORNSBY

---

## MEMORANDUM ORDER

Before the Court is a motion for new trial filed by pro se Plaintiff Bobby Charles Byrd. Record Document 154. The Defendants oppose the motion. Record Document 161. A four-day jury trial was held in this matter from June 12, 2017, until June 15, 2017. At the conclusion of the trial, the jury returned a verdict in favor of the Defendants. Byrd then filed this motion. For the reasons that follow, Byrd's motion is **DENIED**.

Federal Rule of Civil Procedure 59 provides that a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). A court may grant a new trial if it finds that "the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed . . . ." Seidman v. Am. Airlines, Inc., 923 F.2d 1134, 1140 (5th Cir. 1991) (quoting Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985)). As explained by the Fifth Circuit:

> Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial. Ultimately the motion invokes the sound discretion of the trial court,

and appellate review of its ruling is quite limited.

Sibley v. Lemaire, 184 F.3d 481, 487 (5th Cir. 1999) (quoting Del Rio Distributing, Inc. v. Adolph Coors Co., 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

Byrd argues that the Court's failure to appoint counsel to represent him warrants a new trial. He re-urges the same arguments put forth in his two motions to appoint counsel [Record Documents 81 & 93], both of which were denied. Here and in those motions, Byrd argues that the Americans with Disabilities Act imposes on this Court a duty to appoint counsel to represent him. The Court has twice rejected that argument and does so again here. Record Documents 85 & 94.

The Court has also found that Byrd's case does not present exceptional circumstances to warrant appointment of counsel. See id. (citing Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982)). Despite ultimately concluding that Byrd's case did not present exceptional circumstances,[1] the Court nonetheless allowed inmate counsel to play a limited role in assisting Byrd during trial. In his motion, Byrd notes ways in which he was disadvantaged by not having an attorney represent him at trial. The Court acknowledges

---

[1] The Fifth Circuit has supplied factors for the Court to consider in determining whether exceptional circumstances warrant the appointment of counsel, including:
> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

Naranjo v. Thompson, 809 F.3d 793, 799 (5th Cir. 2015) (quoting Parker v. Carpenter, 978 F.2d 190, 193 (5th Cir. 1992)). The Court stands by its earlier determination that Byrd's case did not present exceptional circumstances.

that most, if not all, pro se litigants will encounter difficulties in conducting a trial, but Byrd did, in fact, present and cross-examine witnesses, introduce evidence, lodge objections, and conduct opening statements and closing arguments. See Jones v. Ruiz, 478 F. App'x 834, 836 (5th Cir. 2012) (finding no error in a district court's denial of a new trial based on failure to appoint counsel). Accordingly, the Court will not grant a new trial on this ground.

Additionally, the Court declines to find that Byrd's other complaints warrant a new trial. As to the potential representation of Byrd by Harry Johnson, a young and inexperienced local attorney and member of the venire, the Court believes that Mr. Johnson's comments regarding enrollment in the case were disingenuous. Furthermore, Mr. Johnson had no knowledge of the case and would not have been prepared to move forward the morning of trial.

Byrd complains that he was entitled to a jury instruction on spoliation of evidence, but he never requested such an instruction. See Fed. R. Civ. P. 51. The Court declines to grant a new trial on this ground.

As to his allegation that prospective jurors may have seen his ankle irons, the jury was made aware during the course of the trial that Byrd was an inmate. Furthermore, the Court made accommodations to prevent the jury from viewing Byrd's ankle irons as much as possible. Efforts included placing skirts around the counsel tables and having the jury exit the courtroom for Byrd to take his place behind the podium and to get on and off of the witness stand.

Finally, Byrd lists a number of difficulties he suffered during trial as a result of his

3

inmate status. While the Court sympathizes with these inconveniences, they similarly do not warrant a new trial.

For the foregoing reasons, **IT IS ORDERED** that the Plaintiff's motion for new trial [Record Document 154] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 6TH day of November, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE