UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| BOBBY CHARLES BYRD | CIVIL NO. 12-1956 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CITY OF BOSSIER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## ORDER

Now before the Court is Plaintiff, Bobby Charles Byrd's, motion to transcribe the trial and motion for certificate of appealability [Record Document 156]. To the extent this motion seeks to have the trial transcribed at the government's expense, the motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's motion for a certificate of appealability is **DENIED**.

To obtain a transcript at the government's expense, Plaintiff must satisfy the criteria of 28 U.S.C. § 753(f), which provides, in part, "Fees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The moving party must also show why the transcript is necessary for proper disposition of the appeal. Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)). Here, Plaintiff has not shown any particular need for a transcript of the trial. It appears that the central issue he seeks to appeal is this Court's denial of his requests to appoint counsel, and a transcript of the trial

would not be necessary to resolve this issue. However, the Court will allow Plaintiff that portion of the voir dire that concerns potential juror Harry Johnson.

Accordingly, Plaintiff's motion to have the trial transcribed at the government's expense is **GRANTED IN PART** and **DENIED IN PART**. It is granted insofar as **IT IS ORDERED** that a transcript of the proceedings conducted on June 12, 2017, which involve venire member Harry Johnson be made at the government's expense and that a copy thereof be provided to Plaintiff, Bobby Charles Byrd, without payment of cost.

Plaintiff's motion for a certificate of appealability is **DENIED**, as it is not required in this non-habeas case. See, e.g., Madis v. Edwards, 347 F. App'x 106, 107 (5th Cir. 2009).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of November, 2017.

_____
Elizabeth E. Foote
United States District Judge